**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LOS ANGELES WATERKEEPER, a California non-profit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BODYCOTE THERMAL PROCESSING, INC., a Delaware corporation,<br><br>Defendant | Case No.: CV 18-9356-DMG (GJSx)<br><br>CONSENT DECREE [52] |

1

# Consent Decree

**WHEREAS,** Los Angeles Waterkeeper ("Waterkeeper" or the "Plaintiff") is a Section 501(c)(3) non-profit public benefit corporation organized under the laws of the State of California, with its main office in Santa Monica, California;

**WHEREAS,** Waterkeeper is dedicated to the preservation, protection and defense of the surface, ground, coastal, and ocean waters of Los Angeles County from all sources of pollution and degradation;

**WHEREAS**, Bodycote Thermal Processing, Inc. ("Bodycote" or the "Defendant") operates an industrial facility located at 9921 Romandel Ave., Santa Fe Springs, CA 90670 (the "Facility").

**WHEREAS**, the Facility's industrial activities, which include industrial metal heat treatment, are categorized under Standard Industrial Classification Code 3398 – Metal Heat Treating;

**WHEREAS**, stormwater discharges to Waters of the United States associated with industrial activity at the Facility are regulated by the National Pollutant Discharge Elimination System ("NPDES") General Permit No. CAS000001 [State Water Resources Control Board], Water Quality Order No. 2014-57-DWQ ("General Permit" or "Permit"), and the Federal Water Pollution Control Act, 33 U.S.C. § 1251 *et seq.* ("Clean Water Act" or "CWA"), Sections 301(a) and 402, 33 U.S.C. §§ 1311(a), 1342;

**WHEREAS**, Defendant's operations at the Facility may result in discharges of pollutants into waters of the United States that would be regulated by the Clean Water Act Sections 301(a) and 402, 33 U.S.C. §§ 1311(a), 1342;

**WHEREAS**, on August 30, 2018, Plaintiff issued a notice of intent to file suit ("60-Day Notice") to Defendant, its registered agent, the Administrator of the

2

United States Environmental Protection Agency ("EPA"), the Executive Director of the State Water Resources Control Board ("State Water Board"), the Executive Director of the Los Angeles Regional Water Quality Control Board ("Regional Water Board"), and the Regional Administrator of EPA Region IX, alleging violations of the Clean Water Act and the General Permit, Water Quality Order No. 92-12-DWQ, as amended by Water Quality Order 97-03-DWQ, and as amended by Water Quality Order 2014-0057-DWQ, at the Facility;

**WHEREAS**, on November 1, 2018, Waterkeeper filed a complaint against Bodycote in the Central District of California, Civil Case No. CV 18-09356-DMG (GJSx) ("Complaint");

**WHEREAS**, Plaintiff's Complaint alleged violations of the General Permit and CWA for Defendant's alleged discharges of pollutants into storm drains and surface waters, including the San Gabriel River, La Cañada Verde Creek, Coyote Creek, and ultimately the Pacific Ocean ("Receiving Waters");

**WHEREAS,** Bodycote denies all allegations set forth in the 60-Day Notice Letter and Complaint relating to the Facility, including that this Court has jurisdiction, that the Complaint states a claim, or that Waterkeeper has standing, although for purposes of this Consent Decree, Bodycote will not challenge jurisdiction, the existence of a claim, or standing;

**WHEREAS**, Plaintiff and Defendant (collectively "Settling Parties" or "Parties" and individually "Settling Party" or "Party") agree that it is in their mutual interest to enter into a Consent Decree setting forth terms and conditions appropriate to resolve the allegations set forth in the 60-Day Notice and Complaint without further proceedings and without Bodycote admitting any liability; and

**WHEREAS**, all actions taken by the Defendant pursuant to this Consent

3

Decree shall be made in compliance with all applicable federal, state, and local rules and regulations.

**NOW THEREFORE IT IS HEREBY STIPULATED BETWEEN THE SETTLING PARTIES (SOLELY FOR PURPOSES OF RESOLVING THEIR DISPUTE THROUGH THIS CONSENT DECREE) AND IT IS ORDERED AND DECREED BY THE COURT AS FOLLOWS:**

1. The Court has jurisdiction over the subject matter of this action pursuant to Section 505(a)(1)(A) of the CWA, 33 U.S.C. § 1365(a)(1)(A).

2. Venue is appropriate in the United States District Court for the Central District of California pursuant to Section 505(c)(1) of the CWA, 33 U.S.C. § 1365(c)(1), because the Facility at which the alleged violations are taking place is located within this District.

3. The Complaint states a claim upon which relief may be granted against Defendant pursuant to Section 505 of the CWA, 33 U.S.C. § 1365.

4. Waterkeeper has standing to bring this action.

5. At the Parties' request, the Court shall retain jurisdiction over this action, even though it has been dismissed with prejudice, for purposes of interpreting, modifying, or enforcing the terms of this Consent Decree, or as long thereafter as necessary for the Court to resolve any motion to enforce this Consent Decree, but only regarding issues raised while the Consent Decree remains in effect.

## I. OBJECTIVES

6. It is the express purpose of the Settling Parties through this Consent Decree to further the objectives of the Clean Water Act, and to resolve all issues alleged by Waterkeeper in its 60-Day Notice and Complaint.

4

7. In light of these objectives and as set forth fully below, Defendant agrees to comply with the provisions of this Consent Decree.

## II. AGENCY REVIEW AND CONSENT DECREE TERM

### A. Agency Review of Consent Decree

8. <u>Agency Review</u>. Plaintiff shall submit this Consent Decree to the United States Department of Justice and the EPA (the "Federal Agencies"), within three (3) business days of the final signature of the Parties, for agency review consistent with 40 C.F.R. § 135.5. The agency review period expires forty-five (45) calendar days after receipt by the Federal Agencies, as evidenced by certified return receipts, copies of which shall be provided to Defendant. In the event that the Federal Agencies object to the entry of this Consent Decree, the Parties may agree to meet and confer to attempt to resolve the issue(s) raised by the Federal Agencies, if necessary. If either Party chooses not to address the issues raised, the Consent Decree will be entered if that Party so requests the Court do so.

9. <u>Court Notice</u>. Plaintiff shall notify the Court of the receipt date by the Federal Agencies, as required by 40 C.F.R. § 135.5, in order to coordinate the Court's calendar with the 45-day review period.

10. <u>Entry of Consent Decree</u>. Following expiration of the Federal Agencies' 45-day review period, the Consent Decree may be entered by the Court.

### B. Effective Date and Term of Consent Decree

11. <u>Effective Date</u>. The Effective Date of this Consent Decree shall be the date of entry by the Court. All obligations under this Consent Decree shall begin on the Effective Date, except as stated in this Consent Decree.

12. <u>Term & Termination</u>. This Consent Decree shall terminate in accordance with paragraph 13 unless one of the Settling Parties has invoked

5

Dispute Resolution in accordance with Section IV of this Consent Decree, in which case the Consent Decree will terminate within the earlier of fifteen (15) days of notice by the Settling Parties that invoked Dispute Resolution that the dispute has been fully resolved or an order of the Court resolving the dispute and terminating the Consent Decree.

13. Subject to paragraph 12, the Consent Decree shall terminate upon the date of the first of the following events to occur (such date shall be referred to as the "Termination Date"):

    a. During the term of this Consent Decree, all monitoring data for four consecutive sampling events taken at an industrial discharge monitoring point identified in the SWPPP during a Qualifying Storm Event ("QSE"), including the first QSE of a rain season, as defined in the Industrial General Permit, do not constitute an exceedance of the Industrial General Permit; or

    b. December 31, 2023.

    Defendant shall notify Plaintiff thirty (30) days prior to claiming termination under subparagraph 13a. In the absence of any ongoing, unresolved dispute, this Consent Decree shall terminate on the Termination Date.

## III. COMMITMENTS OF THE SETTLING PARTIES

### A. Storm Water Pollution Control Best Management Practices

14. <u>Revised Storm Water Pollution Prevention Plan ("SWPPP")</u>: The Defendant shall implement the SWPPP attached as Exhibit A, including the monitoring program described in that SWPPP. As advanced BMP's are installed at the facility, future edits of the SWPPP will be implemented and uploaded to the State WQCB data site (SMARTS).

6

15. <u>Advanced BMPs for the Facility</u>: On or before June 30, 2020, or the Effective Date, whichever is later, Defendant will have installed and demonstrated performance of the on-site treatment system described in Exhibit B.

**B. Sampling at the Facility**

16. <u>Training, Sampling, and Reporting</u>: Defendant shall designate an adequate number of employees necessary to collect storm water samples as required by the Industrial General Permit and shall train the designated employees to ensure samples are properly collected, stored, and submitted to a certified lab. Defendant shall sample in accordance with the requirements of the Industrial General Permit and its SWPPP. Defendant shall provide complete laboratory results of all samples collected at the Facility to Waterkeeper within thirty (30) days of obtaining all results for each sampling event.

**C. Reduction of Pollutants in Discharges**

17. <u>Numeric Limits</u>: As of the Effective Date, and for the remainder of the term of this Consent Decree, if the storm water samples demonstrate an exceedance under the Industrial General Permit of the numeric action levels ("NAL") or numeric effluent limits pursuant to a Total Maximum Daily Load applicable to the Facility, triggering a need for additional evaluation under the Industrial General Permit, Defendant shall develop an action plan proposing measures to achieve compliance with the Industrial General Permit and a schedule for implementing any additional management practices that may be necessary..

18. <u>Action Plan</u>: If an action plan is required, Defendant shall prepare and submit to Waterkeeper a draft of the action plan for the Facility by August 15 of the year in which the requirement for an action plan is triggered.

a.      Waterkeeper shall have thirty (30) days upon receipt of Defendant's action plan to provide Defendant with comments. Within thirty (30) days of receiving Waterkeeper's proposed revisions to an action plan, Defendant shall consider each of Waterkeeper's recommended revisions and accept them or justify in writing why any comment is not incorporated. Action plan(s) developed and implemented pursuant to this Consent Decree are an obligation of this Consent Decree.  Any disputes as to the adequacy of the action plan shall be resolved pursuant to the dispute resolution provisions of this Consent Decree, set out in Paragraphs 30-33 below.

b.      <u>Action Plan Payments</u>:  Defendant shall pay two thousand dollars ($2,000) each time an action plan is submitted to Waterkeeper. Payments shall be made to "Los Angeles Waterkeeper" addressed to: Los Angeles Waterkeeper, 120 Broadway, Suite 105, Santa Monica, CA 90401. Failure to submit a payment as required under this paragraph will constitute a breach of the Consent Decree.

**D.      Visual Observations**

19.     <u>Storm Water Discharge Observations</u>:  During the life of this Consent Decree, Defendant shall conduct visual observations during the Facility's operating hours during every QSE that produces a discharge at all locations where storm water with exposure to industrial activities or material is discharged from the Facility.

20.     <u>Non-Storm Water Discharge Observations</u>:  During the life of this Consent Decree, Defendant shall conduct monthly non-storm water visual observations at each discharge location.

8

21. <u>Visual Observations Records</u>:  Defendant shall maintain observation records to document compliance with Paragraphs 19 and 20 and shall provide Waterkeeper with a copy of those records within fourteen (14) days of receipt of a written request from Waterkeeper for those records.

22. <u>Employee Training Program</u>:  Within forty-five (45) days of the Effective Date, Defendant shall develop and implement an employee training program that meets the following requirements and ensures (1) that there is a sufficient number of employees at the Facility designated to achieve compliance with the Industrial General Permit and this Consent Decree ("Designated Employees"), and (2) that these Designated Employees are properly trained to perform the activities required by the Industrial General Permit and this Consent Decree ("Training Program"):

a. <u>Language</u>. The training and training materials shall be available and offered in the language(s) in which relevant employees are fluent. If necessary, Defendant shall provide a translator or translators at all trainings where such translation is likely to improve staff comprehension of the Training Program and improve compliance with this Consent Decree and the Industrial General Permit.

b. Training shall be provided by a Qualified Industrial Storm Water Practitioner ("QISP", as defined in Section IX.A of the 2015 Permit) familiar with the requirements of this Consent Decree and the Industrial General Permit, and shall be repeated as necessary to ensure that all relevant employees are familiar with the requirements of this Consent Decree, the Permit, and the Facility's SWPPP.  All relevant new staff shall receive this training before assuming responsibilities for implementing the SWPPP.

9

c.     <u>Visual Observation Training</u>:  Defendant shall provide training on how and when to properly conduct visual observations to Designated Employees;

d.     <u>Non-Storm Water Discharge Training</u>:  Defendant shall train all Designated Employees at the Facility on the Industrial General Permit's prohibition of non-storm water discharges, so that Designated Employees know what non-storm water discharges are and how to detect and prevent non-storm water discharges;

e.     <u>Employees</u>:  All Designated Employees at the Facility shall participate in the Training Program annually.  New Designated Employees shall participate in the Training Program within thirty (30) days of their hiring date;

f.     The Defendant shall maintain training records to document compliance with Paragraphs 22.c.-22.d., and shall provide Waterkeeper with a copy of these records within fourteen (14) days of receipt of a written request.

g.     <u>Identification of Storm Water Pollution Prevention Team and Training Program Updates into SWPPP</u>:  Within thirty (30) days of the effective date, Defendant shall update the SWPPP to identify the positions and persons responsible for carrying out storm water management, monitoring, sampling and SWPPP implementation.

**E.     Compliance Monitoring and Reporting**

23.     Every year during the life of this Consent Decree, Waterkeeper may conduct one annual site inspection ("Site Inspection") for the purpose of ensuring compliance with this Consent Decree and the Industrial General Permit.  No more

10

than two representatives of Waterkeeper may participate in such Site Inspection. In the event of a dispute regarding Defendant's compliance with this Consent Decree, and provided a Site Inspection would be relevant to resolving the Parties' dispute, the Parties agree to meet and confer regarding one additional Site Inspection for the term of the Consent Decree at Plaintiff's request. Plaintiff shall not unreasonably request, and Defendant shall not unreasonably deny, one additional Site Inspection. Any Site Inspection shall occur during normal business hours, and Waterkeeper will provide Defendant with as much notice as possible—but at least seventy-two (72) hours' notice prior to a Site Inspection, if no attorney is involved and one week if an attorney is involved, in anticipation of wet weather, and one week  notice during dry weather. For any Site Inspection requested to occur in wet weather, Plaintiff shall be entitled to adjust timing or reschedule during normal business hours (Monday through Friday, 8:00 a.m. to 5:00 p.m.) in the event the forecast changes and anticipated precipitation appears unlikely, and thus frustrates the purpose of visiting the Facility in wet weather. Notice will be provided by telephone and electronic mail to the individual(s) designated below at paragraph 53. During the Wet Weather inspection, Plaintiff may request that Defendant collect a sample of industrial storm water discharge from the Facility's designated industrial discharge point(s) referenced in its SWPPP, consistent with the monitoring plan in the SWPPP, to the extent that such discharges are occurring. Defendant shall collect the sample and provide a split sample to Waterkeeper. Waterkeeper's representative(s) may observe the split sample(s) being collected by Defendant's representative.  Waterkeeper agrees that all individuals who will participate in a Site Inspection will execute the waiver and release attached as Exhibit C, prior to the Site Inspection, will abide by all of Defendant's safety rules,

11

and will not enter any buildings at the Facility without Defendant's express permission. Waterkeeper expressly recognizes that Defendant processes ITAR and EAR-regulated parts and components at the Facility, and that any and all access to the Facility by Waterkeeper and/or its representatives will be limited to those persons who are United States citizens or are lawful permanent residents of the United States.

24. <u>Document Provision</u>. During the term of this Consent Decree, Defendant shall notify and submit documents to Waterkeeper as follows:

a. Defendant shall copy Waterkeeper on all compliance documents, monitoring and/or sampling data, written communications and/or correspondences, or any documents related to storm water quality at the Facility that are submitted to the Regional Board, the State Board, and/or any state or local agency, county or municipality.

b. Any compliance document, inspection report, written communication and/or correspondence, or any document related to storm water quality at the Facility received by Defendant from the Regional Board, the State Board, and/or any state or local agency, county, municipality shall be sent to Waterkeeper within five (5) business days of receipt by Defendant. Defendant shall mail paper copies or email electronic copies of documents to Waterkeeper at the relevant notice address contained below.

25. <u>Compliance Monitoring</u>. Defendant agrees to partially defray costs associated with Plaintiff's monitoring of Defendant's compliance with this Consent Decree in the amount of three thousand dollars ($3,000) for the first year the Consent Decree is in effect and two thousand dollars ($2,000) for each year the Consent Decree is in effect thereafter. The first such payments shall be made

12

payable to Los Angeles Waterkeeper, 120 Broadway, Suite 105, Santa Monica, CA 90401, within thirty (30) days of the Effective Date, and then at 12-month increments thereafter until the Consent Decree is terminated. Failure to submit payment as required under this paragraph will constitute breach of the Consent Decree.

**F.      Environmental Mitigation, Litigation Fees and Costs, Stipulated Penalties, and Interest**

26.     Environmental Mitigation Project:  To remediate the alleged environmental harms resulting from allegations in the Complaint, Defendant agrees to make a payment of $23,000 to the Rose Foundation.  The payment shall be made within thirty (30) days of the Effective Date payable to the Rose Foundation.  Defendant shall provide Waterkeeper with a copy of such payment.

27.     Waterkeeper's Fees and Costs: Defendant agrees to pay a total of $110,000 to Waterkeeper to partially reimburse Plaintiff for its investigation fees and costs, expert/consultant fees and costs, reasonable attorneys' fees, and other costs incurred as a result of investigating and filing the lawsuit, and negotiating a resolution of this matter. The payment in full shall be made within thirty (30) days of the Effective Date and delivered by certified mail or overnight delivery made payable to:  Los Angeles Waterkeeper, 120 Broadway, Suite 105, Santa Monica, CA 90401.

28.     Defendant shall make a remediation payment of eight hundred dollars ($800) for each missed deadline included in this Consent Decree that is not excused by Waterkeeper in writing to an extension of that particular deadline or force majeure. Payments for missed deadlines shall be made to: the Rose Foundation, ATTN: Waterkeeper v. Bodycote, 201 4th Street, Ste. 102, Oakland,

13

California 94607.  Defendant agrees to make the stipulated payment within thirty (30) days of a missed deadline or failure to sample.  Defendant shall provide Waterkeeper with a copy of each such payment at the time it is made.

29.  <u>Interest on Late Payments</u>:  Defendant shall pay interest on any payments, fees, or costs owed to Waterkeeper under this Consent Decree that Waterkeeper has not received by the due date.  The interest shall accrue starting the first day after the payment is due and shall be computed at a rate of 1.5% per month (18% per year), unless Dispute Resolution has been invoked by Defendant under Paragraph 28, in which case interest shall not start to accrue until the conclusion of Dispute Resolution.  Interest on late payments shall be made payable to Waterkeeper and sent to the address listed in paragraph 53, below.

## IV.  Dispute Resolution

30.  This Court shall retain jurisdiction over this matter for the term of this Consent Decree for the purposes of enforcing its terms and conditions, and adjudicating all disputes among the Parties that may arise under the provisions of this Consent Decree. The Court shall have the power to enforce this Consent Decree with all available legal and equitable remedies, including contempt.

31.  <u>Meet and Confer</u>. Either Party to this Consent Decree may invoke the dispute resolution procedures of this Section IV by notifying the other Party in writing of the matter(s) in dispute and of the disputing Party's proposal for resolution.  The Parties shall then meet and confer in good faith (either telephonically or in person) within ten (10) days of the date of the notice in an attempt to fully resolve the dispute no later than thirty (30) calendar days from the date of the notice.

14

32.     Settlement Conference. If the Parties cannot resolve the dispute within thirty (30) days of the meet and confer described in paragraph 31, the Parties agree that the dispute may be submitted for formal resolution by filing a motion before the United States District Court for the Central District of California. The Parties agree to request an expedited hearing schedule on the motion.

33.     In resolving any dispute arising from this Consent Decree before the Court, the Parties shall be entitled to seek fees and costs incurred pursuant to the provisions set forth in Section 505(d) of the Clean Water Act, 33 U.S.C. § 1365(d), and applicable case law interpreting such provisions.

## V.     Mutual Release of Liability and Covenant Not to Sue

34.     Plaintiff's Release. Upon the Effective Date of this Consent Decree, Waterkeeper on its own behalf and on behalf of its respective current and former officers, directors, members, employees, predecessors, successors, assigns, agents, attorneys, and other representatives release all persons including, without limitation, Bodycote and each of its current and former officers, directors, employees, shareholders, parents, affiliates, agents, attorneys, consultants, representatives, predecessors, successors, and assigns, and each of their officers, directors, members, employees, shareholders, parents, affiliates, agents, attorneys, consultants, and other representatives, past and present, from, and waive, any and all claims under the Clean Water Act, the Porter Cologne Water Quality Control Act or the Santa Fe Springs City Code, or such other claims relating to or arising from or pertaining to this action, including all claims for injunctive relief, penalties, fees (including without limitation fees of attorneys, experts, and others), liabilities, costs, expenses or any other sum incurred or claimed, occurring or arising up *to* and including the Termination Date.

35. <u>Defendant's Release</u>.  Upon the Effective Date of this Consent Decree, Bodycote, on its own behalf and on behalf of its current and former officers, directors, employees, agents, attorneys, consultants, representatives, parents, subsidiaries, predecessors, successors and assigns, and their agents, attorneys, and other representatives, release Waterkeeper (and its current and former officers, directors, employees, members, parents, subsidiaries, and affiliates, and each of their successors and assigns, and its agents, attorneys, and other representatives) from, and waive, any and all claims which relate to the allegations in the Notice Letter and/or the Complaint, or which otherwise relate to or arise from or pertain to this action, including all claims for injunctive relief, penalties, fees (including without limitation fees of attorneys, experts, and others), liabilities, costs, expenses or any other sum incurred or claim, occurring or arising up and including to the Termination Date.

36. <u>Waiver of California Civil Code § 1542</u>.  Upon the Effective Date of this Consent Decree, the Parties further expressly waive any rights or benefits available to them under the provisions of California Civil Code §1542, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

37. <u>Covenant Not to Sue</u>.  For the period beginning on the Effective Date and ending on the Termination Date, Plaintiff agrees that neither it, nor its current or former officers, directors, employees, members, successors, assigns, agents, attorneys and/or other representatives, or any of them, will file any lawsuit against Defendant relating in any way to the claims and allegations of the Notice Letter,

16

the claims and allegations of the Complaint, and/or the maters addressed by this Consent Decree, excepting only an action to enforce this Consent Decree.

38. <u>Dismissal</u>. Provided that the Court retains jurisdiction over the Civil Action as requested in Paragraph 5, Plaintiff shall dismiss the Complaint in its entirety, with prejudice, immediately after the Court approves and enters this Consent Decree, pursuant to Federal Rule of Civil Procedure 41(a)(2).

**VI. Miscellaneous Provisions**

39. <u>No Admission of Liability</u>. The Parties enter into this Consent Decree for the purpose of avoiding prolonged and costly litigation. Neither the Consent Decree nor any payment pursuant to the Consent Decree shall constitute or be construed as a finding, adjudication, or acknowledgment of any fact, law, or liability, nor shall it be construed as an admission of violation of any law, rule, or regulation. The Defendant maintains and reserves all defenses it may have to any alleged violations that may be raised in the future.

40. <u>Counterparts</u>. This Consent Decree may be executed in any number of counterparts, all of which together shall constitute one original document. Telecopy and/or facsimile copies of original signature shall be deemed to be originally executed counterparts of this Consent Decree.

41. <u>Authority</u>. The undersigned representatives for Plaintiff and Defendant each certify that s/he is fully authorized by the Party whom s/he represents to enter into this Consent Decree. A Party's signature to this Consent Decree transmitted by facsimile or electronic mail shall be deemed binding.

42. <u>Construction</u>. The language in all parts of this Consent Decree shall be construed according to its plain and ordinary meaning, except as to those terms defined in the Permit, the Clean Water Act, or specifically herein. The captions and

17

paragraph headings used in this Consent Decree are for reference only and shall not affect the construction of this Consent Decree.

43. _Full Settlement_.  This Consent Decree constitutes a full and final settlement of this matter.

44. _Integration Clause_.  This is an integrated Consent Decree. This Consent Decree is intended to be a full and complete statement of the terms of the agreement between the Parties and expressly supersedes any and all prior oral or written agreements, covenants, representations, and warranties (express or implied) concerning the subject matter of this Consent Decree.

45. _Severability_.  In the event that any provision, paragraph, section, or sentence of this Consent Decree is held by a court to be unenforceable, the validity of the enforceable provisions shall not be adversely affected.

46. _Choice of Law_.  The laws of the United States shall govern this Consent Decree.

47. _Diligence_: Defendant shall diligently file and pursue all required permit applications for the structural BMPs and shall diligently procure contractors, labor, and materials needed to complete all BMPs by the required deadlines.

48. _Effect of Consent Decree_: Compliance with this Consent Decree does not mean that Defendant is complying with the Industrial General Permit, the Clean Water Act, or any other law, rule, or regulation nor does non-compliance mean that Defendant is not complying with the Industrial General Permit, the Clean Water Act, or any other law, rule, or regulation.

49. _Negotiated Settlement_. The Settling Parties have negotiated this Consent Decree, and agree that it shall not be construed against the Party preparing

18

it, but shall be construed as if the Settling Parties jointly prepared this Consent Decree, and any uncertainty and ambiguity shall not be interpreted against any one Party.

50. Modification of the Consent Decree. This Consent Decree, and any provisions herein, may not be changed, waived, discharged, or terminated unless by a written instrument, signed by the Parties and approved by the Court. Any request to modify any provision of the Consent Decree, including but not limited to any deadline(s) set forth herein, must be made in writing at least fourteen (14) days before the existing deadline(s) applicable to the provision(s) proposed to be modified.

51. Assignment. Subject only to the express restrictions contained in this Consent Decree, all of the rights, duties and obligations contained in this Consent Decree shall inure to the benefit of and be binding upon the Parties, and their successors and assigns. Defendant shall notify Plaintiff within ten (10) days of any assignment.

52. Force Majeure. Neither of the Parties shall be considered to be in default in the performance of any of their respective obligations under this Consent Decree when performance is prevented or delayed due to a Force Majeure Event. For purposes of this Consent Decree, a "Force Majeure Event" is any circumstance beyond the control of a Settling Party's, their contractors or any entity controlled by a Settling Party, including without limitation, any act of God, war, fire, earthquake, flood, windstorm, or natural catastrophe; criminal acts; civil disturbance, vandalism, sabotage, or terrorism; restraint by court order or public authority or agency; or action or non-action by, or inability to obtain the necessary authorizations or approvals from any governmental agency. A Force Majeure

19

Event shall not include normal inclement weather, financial, inability to pay, or employee negligence. Defendant shall provide notice to Plaintiff orally or by electronic or facsimile transmission as soon as practicable, but not later than ten (10) days after the time Defendant first knew of, or by the exercise of due diligence, should have known of, a claimed Force Majeure Event. The notice shall describe the event and the length of any extension sought. If the Plaintiff agrees that a Force Majeure Event, as defined by this Section, has occurred, the Plaintiff shall agree to extend the time for Defendant to perform the affected requirements for the time necessary to complete those obligations. Failures resulting from a Force Majeure Event shall not be considered a breach of this Consent Decree, and Defendant shall not be liable for any stipulated penalties occurring as a direct result of the Force Majeure Event, provided Defendant complies with the terms of this Paragraph. If the Plaintiff does not agree that a Force Majeure Event, as defined by this Paragraph, has occurred, or does not agree to the length of the extension of time sought by Defendant, the Plaintiff's position shall be binding, unless Defendant invokes Dispute Resolution under Paragraphs 30-33 of this Consent Decree. In any such dispute, Defendant bears the burden of proving, by a preponderance of the evidence, that each claimed force majeure event is a Force Majeure Event, that Defendant gave the notice required by this Paragraph, that the Force Majeure Event caused any failure to comply or delay in compliance with an obligation of this Consent Decree that Defendant claims was attributable to that event, and that Defendant exercised reasonable efforts to prevent or minimize any failure or delay in compliance caused by the event.

53. _Correspondence_. All notices required herein or any other correspondence pertaining to this Consent Decree shall be, to the extent feasible,

sent via electronic mail transmission to the e-mail address listed below, or if electronic mail is not feasible, then by certified U.S. mail with return receipt, or by hand delivery to the following addresses:

| If to Plaintiff: | If to Defendant: |
|---|---|
| Jason Flanders | James Harris |
| Aqua Terra Aeris Law Group LLP | Thompson & Knight, LLP |
| 490 43rd Street, Suite 108 | One Arts Plaza |
| Oakland, CA 94609 | 1722 Routh Street, Suite 1500 |
| Email: jrf@atalawgroup.com | Dallas, Texas 75201 |
| | James.Harris@tklaw.com |
| With copies to: | With copies to: |
| Kelly Clark, Staff Attorney | Legal Counsel, North America |
| Los Angeles Waterkeeper | Bodycote USA, Inc. |
| 120 Broadway, Suite 105 | 12750 Merit Drive, Suite 1400 |
| Santa Monica, CA 90401. | Dallas, TX 75251 |
| kelly@lawaterkeeper.org | |

Notifications of communications shall be deemed submitted three (3) days after the date that they are postmarked and sent by first-class mail, or immediately after acknowledgement of receipt via email by the receiving Party. Any change of address or addresses shall be communicated in the manner described above for giving notices.

54.     If for any reason the DOJ or the District Court should decline to approve this Consent Decree in the form presented, the Parties shall use their best efforts to work together to modify the Consent Decree within thirty (30) days so that it is acceptable to the DOJ or the District Court. If the Parties are unable to modify this Consent Decree in a mutually acceptable manner that is also acceptable to the District Court, this Consent Decree shall immediately be null and

21

void as well as inadmissible as a settlement communication under Federal Rule of Evidence 408 and California Evidence Code section 1152.

55.     The Parties hereto enter into this Consent Decree and submit it to the Court for its approval and entry as a final judgment.

22

LOS ANGELES WATERKEEPER

Date: _October 25_, 2019

By: _____
Bruce Reznik
Executive Director
Los Angeles Waterkeeper


BODYCOTE THERMAL PROCESSING, INC.

Date: _October 28_, 2019

By: _Stephanie Edgar_
_VP, NA Shared Svcs._
_____
Bodycote Thermal Processing, Inc.


Approved as to form:

AQUA TERRA AERIS LAW GROUP LLP

Date: _____October 25_____, 2019

_____
Jason Flanders
Attorneys for Los Angeles Waterkeeper

THOMPSON & KNIGHT LLP

Date: _October 29_, 2019

James B. Harris
Attorneys for ~~Iga~~ Bodycote Thermal Processing, Inc.

**IT IS SO ORDERED.**

Date: _December 30, 2019_

DOLLY M. GEE
UNITED STATES DISTRICT JUDGE